# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

GEORGE WILLIAM VETTER,

   Plaintiff,

  v.

LONG BEACH POLICE DEPARTMENT,

   Defendant.

No. 2:25-cv-11263-JFW-BFM

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

## SUMMARY OF ORDER

This action involves a pro se complaint filed by Plaintiff George William Vetter. The Complaint, captioned as a "Notice of Appeal," challenges the Long Beach Police Department's denial of Plaintiff's request under the Freedom of Information Act, 5 U.S.C. § 552.

Plaintiff meets the financial requirement to proceed without prepayment of fees. When evaluating Plaintiff's application for in forma pauperis status, however, the Court is required to dismiss the case or its claims if it determines that Plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). It appears that may be the case here since the Complaint does not appear to allege a viable federal claim.

The Court therefore orders Plaintiff to explain why these claims should not be dismissed. **Plaintiff is warned that if he fails to timely respond to this order, the Court may recommend that this action be dismissed without prejudice for failure to prosecute**.

## ANALYSIS

### A.     Legal Standard

Where a plaintiff seeks permission to proceed in forma pauperis, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims in the Complaint and views all inferences in a light most favorable to him. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Plaintiff is not represented by counsel, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

### B.     Factual Background

The Complaint alleges the following facts, taken as true for purposes of this Order:

On August 29, 2025, Plaintiff made three Freedom of Information Act requests to the City of Long Beach and the Long Beach Police Department.

(ECF 1 ("Compl.") at 2.) The first request sought disclosure of a March 2001 memorandum by the Chief Deputy Mayor of Long Beach that ordered an independent investigation of the rape of a Long Beach Police officer. (Compl. ¶ 2.) The second request sought Long Beach Police Department's internal affairs investigative reports of the then police captain. (Compl. ¶ 6.) Finally, Plaintiff requested copies of a "Behavioral Analysis" report that Plaintiff alleges was fabricated. (Compl. ¶¶ 7-8.)

Plaintiff's requests were denied on October 13, 2025. (Compl. at 1.)

**C.    Analysis**

Plaintiff's sole claim is for a violation of the Freedom of Information Act, 5 U.S.C. § 552. FOIA, however, does not apply to municipal entities such as the City of Long Beach and LBPD. *St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.2d 1369, 1373 (9th Cir. 1981); *see also* 5 U.S.C. § 552(f)(1) (under FOIA, the term "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency"). As such, denial of Plaintiff's request for information by these entities was not a violation of FOIA.

To the extent that Plaintiff intended to allege that denial of his FOIA request amounts to a due process violation, that claim would also fail. The Fourteenth Amendment's Due Process Clause prohibits the government from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. It is unclear, however, which liberty or property interest would be implicated by denying a FOIA request. FOIA "merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency. It does not provide a litigant with other actions and

remedies against the United States." *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).

Moreover, a Plaintiff alleging a constitutional injury against a municipal entity must identify an official policy or custom that caused their injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Here, the Complaint does not point to a policy or custom as the cause of Plaintiff's injury; the Complaint alleges that Captain Megas ordered Plaintiff's FOIA request denied but does not allege why Megas issued such an order (i.e., that she was acting pursuant to a policy or custom). Even if Plaintiff amended the Complaint to add Captain Megas as a Defendant, as just stated, denying a FOIA request does not appear to implicate Plaintiff's due process rights.

## CONCLUSION

For these reasons, it appears that in forma pauperis status should be denied and the case dismissed. Before the Court recommends denial of the IFP application, however, the Court will give Plaintiff an opportunity to respond. Plaintiff is therefore ordered to show cause—to explain in writing—why the Court should not recommend denial of IFP status. Plaintiff's response should be filed **no later than February 23, 2026**.

DATED: January 22, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

4